IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NATIONAL LABOR RELATIONS BOARD                                         APPLICANT

v.                                                   CIVIL ACTION NO. 2:14-MC-201-KS-MTP

SANDERSON FARMS, INC.                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matters is before the Court on the Motion for Stay Pending Appeal ("Motion to Stay") [19] filed by Respondent Sanderson Farms, Inc., ("Respondent") and the Application for Order Enforcing Subpoena Duces Tecum and Subpoena Ad Testificandum ("Application") [1] filed by the National Labor Relations Board (the "NLRB").  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Motion to Stay [19] should be denied and the Application [1] should be granted.

## I.  BACKGROUND

On December 22, 2014, the NLRB filed its Application [1] seeking the Court to enforce a subpoena duces tecum and a subpoena ad testificandum issued and served upon Respondent in its ongoing investigation of unfair labor practice charges pending against Respondent.

From 2011 to 2013, seven unfair labor practice charges were filed with the NLRB against Respondent by the Laborers' International Union of North America ("LIUNA") Local 693 and/or its members in their individual capacities.  The charging parties alleged that Respondent had unlawfully interfered with, restrained, and/or coerced its employees in violation of Section 8(a) of the National Labor Relations Act ("NLRA").  *See* 29 U.S.C. § 158(a).

On September 14, 2012, the NLRB issued a complaint and notice of hearing against Respondent related to four of the charges, but it dismissed the complaint and withdrew the notice

of hearing on May 7, 2013.  The agency deferred further proceedings to the parties' grievance process, but it represented that it would continue to monitor the situation and could, under certain circumstances, resume processing the charges.  The NLRB never issued a complaint related to the remaining three charges, but on April 30, 2013, it deferred further proceedings to the parties' grievance process and represented that it might, under certain circumstances, resume processing the charges.

On September 17, 2013, LIUNA placed Local 693 into trusteeship, and on February 4, 2014, the Deputy Trustee requested withdrawal of the unfair labor practice charges.  However, on February 24, 2014, the NLRB revoked its deferral and resumed processing the charges, and on February 28, 2014, the NLRB declined the union's request to withdraw the charges.

Accordingly, the NLRB resumed processing the charges, and it sought evidence from Respondent, eventually issuing the subpoena duces tecum and subpoena ad testificandum that are the subject of the current Application [1].  Respondent filed petitions to revoke the subpoenas, but the NLRB denied these petitions.  Respondent has yet to comply with the subpoenas.

On August 11, 2014, Respondent filed a civil complaint with this Court, arguing that the NLRB and its Regional Director, Kathleen McKinney, violated certain sections of the Administrative Procedures Act ("APA").  5 U.S.C. § 702, *et seq*.  This Court dismissed that action for lack of subject matter jurisdiction.

The NLRB then filed it Application [1] to this Court, seeking an order enforcing subpoena duces tecum and subpoena ad testificandum.

## II.  MOTION TO STAY [19]

Respondent requests that this action be stayed pending appeal of this Court's decision in *Sanderson Farms, Inc. v. National Labor Relations Board*, 2:14-CV-126-KS-MTP, 2015 WL

1711618 (S.D. Miss. Apr. 15, 2015). Specifically, Respondent appeals the Court's decision that *Leedom v. Kyne* did not allow the Court to exercise subject matter jurisdiction in Respondent's suit. *Id.* at *2-3. Ordinarily, the APA only provides for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in court . . . ." 5 U.S.C. § 704. However, "[u]nder *Kyne* . . . , a plaintiff may secure judicial review when an agency exceeds the scope of its delegated authority or violates a clear statutory mandate." *Lundeen v. Mineta*, 291 F.3d 300, 312 (5th Cir. 2002) (quoting *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 293 (5th Cir. 1999) (internal quotations omitted). The Fifth Circuit has "interpreted *Kyne* as permitting injunctions only in a very narrow situation in which there is a plain violation of an unambiguous and mandatory provision of the statute" granting authority to the agency." *Id.* (quoting *Am. Airlines*, 176 F.3d at 293) (internal quotations omitted).

This Court found in *Sanderson Farms* that the NLRB did not violate a clear and unambiguous provision of the NLRA, the act which gives the NLRB its authority, by refusing to allow the withdrawal of the charges against Respondent. 2015 WL 1711618 at *3. The Court instead found that the NLRB has discretion in deciding whether to allow such withdrawal. *Id.* (quoting *Gulf States Mfrs., Inc. v. Nat'l Labor Review Bd.*, 598 F.2d 896, 901 (5th Cir. 1979)). Because Respondent's allegations did not fall within the purview of *Kyne*, the Court held that it did not have subject matter jurisdiction to hear Respondent's claim and dismissed the case. *Id.* Respondent has appealed this holding and asks the Court to stay the current action pending a resolution on appeal in the related action.

In order to be granted a stay pending appeal, Respondent must show (1) it is likely to prevail on the merits on appeal, (2) it is likely to suffer irreparable injury from a denial of the stay, (3) the stay will not substantially harm the other parties, and (4) granting the stay serves the

3

public interest.  *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992) (quoting *Drummond v. Fulton Cnty. Dep't of Family and Children's Serv.*, 532 F.2d 1001, 1002 (5th Cir. 1976)).  A likelihood of success is not necessary when the movant can "present a substantial case on the merits when a serious legal question is involved and [can] show that the balance of the equities weigh heavily in favor of granting the stay."  *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A, June 1981) (citing *Providence Journal v. Fed. Bureau of Investigation*, 595 F.2d 889 (1st Cir. 1979)).

Respondent argues "[t]he Fifth Circuit is in the unique position, due to its decision in *Bokat v. Tidewater*, to define clearly for the public its position of dishonesty establishing jurisdiction."  (Memo. in Support [20] at p. 4.)  The Court assumes that this is the "serious legal question" on which Respondent bases its contention that it need only establish a substantial case on the merits to qualify for a stay in these proceedings.  Respondent does not explain why this is a serious legal question, but it is important to note that *Bokat v. Tidewater Equipment Co.* was decided by the Fifth Circuit in 1966.  363 F.2d 667 (5th Cir. 1966).  If its position in *Bokat* needed clarifying, the Fifth Circuit has had nearly fifty years to do so.  Absent any argument from Respondent about why the Fifth Circuit's position on "dishonesty establishing jurisdiction" over agency actions is a serious legal question, the Court cannot find it to be such a question, especially when the case Respondent contends needs clarifying is nearly fifty years old.  Respondent must therefore meet the burden of showing that it has a likelihood of success on the merits of its appeal for the Court to grant its Motion to Stay [19].

Respondent does not argue in its original motion that it has a likelihood of success on the merits of its appeal.  This argument is only found in its rebuttal to the NLRB's response and is therefore not properly before the Court.  *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F.App'x

307, 315 (5th Cir. 2008).  Even if this argument were properly before the Court, it is

unpersuasive.  Respondent claims that the NLRB has supported its continuing prosecution with

"proven material misrepresentations."  (Rebuttal [29] at p. 3.)  It argues that "[t]he Supreme

Court, and in particular the Fifth Circuit, have found that such falsities by an agency amount to

'extraordinary' circumstances to support judicial intervention."  (*Id.*)  However, Respondent cites

no case law to support this statement.  Furthermore, Respondent's argument is essentially a

condensed version of its argument in *Sanderson Farms*, which the Court has already found

unpersuasive.  *See* 2015 WL 1711618.  Therefore, the Court finds that Respondent has not

demonstrated it is likely to succeed on the merits of its appeal.

Because Respondent has not met its burden on this first factor of the analysis, the Court

need not examine the other factors.  Respondent's Motion to Stay [19] will be **denied**.

### III.  APPLICATION FOR ENFORCEMENT [1]

"[A]n administrative agency's power to issue subpoenas as it performs its investigatory

function is a broad-ranging one which courts are reluctant to trammel."  *Sandsend Fin.

Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 878 (5th 1989).  "[W]hen

reviewing an administrative subpoena, the court plays a 'strictly limited' role."  *Id.* at 879

(quoting *Fed. Trade Comm'n v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977), *cert. denied*,

431 U.S. 974, 97 S. Ct. 2940, 53 L.Ed.2d 1072 (1977)).  "The court's inquiry is limited to two

questions:  (1) whether the investigation is for a proper statutory purpose and (2) whether the

[evidence] the agency seeks [is] relevant to the investigation."  *Id.*

With this limited inquiry in mind, the Court examines in turn each of Respondent's

arguments against the granting of the NLRB's Application [1].

###### A.    Unauthorized Charges

5

Respondent argues that the subpoenas may not be enforced because they are not based on authorized charges.  This Court has already held that the NLRB's continued investigation into the charges pending before it is within its statutory authority.  *Sanderson Farms*, 2015 WL 1711618 at *3.  This argument therefore has no merit.

## B.     Privacy Concerns of Employees

Respondent contends that the NLRB's subpoenas seeks the private information of its employees.  In its arguments, Respondent relies heavily on *United States v. Westinghouse Electric Corp.* 638 F.2d 570 (3d Cir. 1980).  In *Westinghouse*, the National Institute for Occupational Safety and Health ("NIOSH") was seeking the enforcement of a subpoena duces tecum for the medical records of Westinghouse Electric's employees in order to conduct a health hazard evaluation pursuant to its statutory authority.  *Id.* at 571.  In reaching its decision to uphold the subpoena, the Third Circuit considered the following factors:

> . . . the type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguard to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated by public policy, or other recognizable public interest militating toward access.

*Id.* at 578.  The Court recognizes that weighing these factors against each other may fall outside of the limited inquiry Fifth Circuit precedent calls for when reviewing an administrative subpoena.  *Sandsend Fin.*, 878 F.2d at 879.  However, in an abundance of caution, the Court has analyzed these factors and finds that they nonetheless favor enforcement of the subpoenas.

In adopting the NLRA, Congress adopted a policy

> . . . to eliminate the causes of certain substantial obstructions to the free flow of commerce and to mitigate and eliminate these obstructions when they have occurred by encouraging the practice and procedure of collective bargaining and

> *by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing . . . .*

National Labor Relations Act, § 1, 29 U.S.C. § 151 (emphasis added).  The NLRB is given investigatory powers under the NLRA to carry out this policy.  *See id.* at § 11, 29 U.S.C. § 161.  In this case, Respondent has been charged with discriminating against its employees for participating in union activities.  The NLRB has a statutorily mandated public interest in preventing such conduct.

The NLRB seeks the entire personnel and medical records of Tina Taylor and the complete personnel file of Takisha McGhee.  While there is no question that these documents may contain private information that would cause harm if inadvertently disclosed, there would be no injury to the employer-employee relationship as both of these women have been terminated from employment by Respondent.  Furthermore, the NLRB is investigating the terminations on behalf of these two former employees, and Respondent has put forth no argument concerning the NLRB's inadequacy in preventing unauthorized disclosure.  The NLRB's need for access to these records is great, as the entire history of employment is needed for it to decide whether to pursue the charges against Respondent further.  A weighing of the interests favoring disclosure of these records, then, favors enforcement of the subpoenas.

Respondent also argues that there are privacy concerns with the request for "[a] list of all employees and former employees with the most recent or current addresses and phone numbers who have worked while under light duty, medical or disability work restrictions at the Collins Plant from January 1, 2012 to August 27, 2012." (Application [1] at p. 10.)  Specifically, it contends that providing such information would necessarily disclose private medical information.  The Court disagrees.  The NLRB has already conceded that it would accept documents with any

7

medical information redacted, and the subpoena only requests names and contact information. (Emails [1-28] at p. 3.)  The Court does not find that there is any private medical information that must be protected in such a list and will not decline to enforce the subpoenas because of Respondent's privacy concerns.

### C.      Relevancy of Documents Sought

Respondent argues that none of the documents pertaining to information about its treatment of other employees are relevant to the NLRB's investigation because its only focus should be on whether Tina Taylor or Takisha McGhee violated Respondent's policies. Respondent bases this argument in the contention that the pending charges before the NLRB do not allege disparate treatment.  However, the NLRB is investigating charges that allege that Respondent discriminated against Taylor and McGhee because of their union activities. Disparate treatment can be used as evidence of discriminatory animus.  *Valmont Indus., Inc. v. Nat'l Labor Relations Bd.*, 244 F.3d 454, 465 (5th Cir. 2001).  To show disparate treatment, the NLRB would necessarily need information about other employees of Respondent.  The documents sought are therefore relevant to the NLRB's investigation.

### D.      Lack of Jurisdiction over Takisha McGhee's Termination

Respondent contends that the NLRB does not have jurisdiction over the charges relating to Takisha McGhee's termination because she maintains that she was fired for filing a worker's compensation claim.  Respondent does not dispute, though, that the NLRB is investigating alleged unfair labor practices in violation of the NLRA, but only that the investigation is not being conducted for a legitimate purpose because McGhee does not believe she was terminated because of her union involvement.  However, the union, who originally brought the pending charges, believed that McGhee's termination was in retaliation for her union activities.  (Third

Charge [1-5].)  The NLRB has a legitimate purpose in investigating this charge, and the Court

has already held that the NLRB's continued investigation into this charge is within its statutory

authority.  *Sanderson Farms*, 2015 WL 1711618 at *3.  Furthermore, as pointed out in *Sanderson

Farms*, the Court does not have jurisdiction to review or supervise unfair labor practice

proceedings until the NLRB has taken a final action.  *Id.* at *2 (citing *Bokat v. Tidewater Equip.

Co.*, 363 F.2d 667, 671 (5th Cir. 1966)).  Because the subpoenas were issued with the proper

purpose of investigating a pending unfair labor practices charge which the NLRB has the

authority to investigate, the Court will not decline to enforce the subpoenas based on this

argument.

> ### E.      Unduly Burdensome

Respondent's claim that the NLRB's subpoenas are unduly burdensome because they

seek production at its regional office in New Orleans, Louisiana.  The NLRB in its rebuttal,

though, has expressed that it has no objection with retrieving the documents requested from

Respondent's facility in Laurel, Mississippi, and will also send an agent to its facility in

Hazelhurst, Mississippi, to obtain the testimony of April Taylor.  Enforcement of the subpoenas,

then, would not be unduly burdensome to Respondent.

Because the Court finds that the subpoenas are both relevant and issued for a statutorily

proper purpose, the NLRB's Application [1] will be **granted**.  The Court finds that Respondent

has had ample opportunity to show cause in its response to the NLRB's Application, and nothing

in its response has demonstrated a need for a hearing on the enforcement of the subpoenas.

Respondent therefore is required to comply with the subpoena duces tecum and subpoena ad

testificandum.  Respondent is hereby ordered to produce the documents sought in the subpoena

duces tecum and make April Taylor available for testimony in compliance with the subpoena ad testificandum, at an agreed upon location within ten (10) days of this order.

However, because the NLRB has not demonstrated that Respondent's resistence to its subpoenas was done in bad faith, the Court declines to award costs and attorneys' fees associated with this action.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Respondent's Motion to Stay [19] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the NLRB's Application [1] is **granted**.  Respondent is required to comply with the subpoena duces tecum and subpoena ad testificandum within ten (10) days of the issuance of this order.

SO ORDERED AND ADJUDGED this the 18th day of November, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE